UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9513-RGK (SP) | Date | June 14, 2012 |
|---|---|---|---|
| Title | EDWARD MICHAEL RAZO v. M.D. BITER, Warden | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:**    **(In Chambers) Order to Show Cause Why Stay Should Not Be Lifted**

On November 16, 2011, petitioner filed a Petition for Writ of Habeas Corpus alleging four grounds for relief. In response to the court's November 21, 2011 order -- in which the court explained the impropriety of "mixed" petitions and presented petitioner with five options -- petitioner filed a "Motion to Stay" on December 27, 2011. Specifically, petitioner elected "Option 5" and requested a stay pursuant to *Kelly*. *See Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007).

On March 8, 2012, the court granted petitioner's request to dismiss ground four from the petition. Further, the court granted petitioner's request for a *Kelly* stay. As a result, the action -- now containing only exhausted grounds one through three -- was stayed pending exhaustion of petitioner's state court remedies. The court also ordered that petitioner file status reports beginning **June 6, 2012**, and every ninety (90) days thereafter, addressing the status of petitioner's state habeas petition then pending before the California Supreme Court, in case number S198347. Further, the court ordered that within thirty (30) days after any decision by the California Supreme Court, petitioner must advise the court of the decision. Petitioner was informed that if he failed to act diligently or failed to act within the proscribed time frames, the court may vacate the stay and prohibit petitioner from raising new claims in this action.

That date having passed and having received no communication from plaintiff, the court inquired into the status of petitioner's state habeas petition before the California Supreme Court using the California Courts' online case inquiry system at http://appellatecases.courtinfo.ca.gov/. The court learned that the California Supreme Court denied petitioner's petition on **March 28, 2012**. It therefore appears that petitioner has not only failed to file a status report by June 6, 2012, but is months delinquent in informing the court of the disposition of his petition before the California Supreme

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9513-RGK (SP) | Date | June 14, 2012 |
|---|---|---|---|
| Title | EDWARD MICHAEL RAZO v. M.D. BITER, Warden | | |

Court.

     Accordingly, within **fourteen (14)** days of the date of this Order, that is, by **June 28, 2012**, petitioner is **ORDERED TO SHOW CAUSE**, in writing, why the stay should not be vacated and why he should not be prohibited from raising any new claims in this action. Petitioner is cautioned that his failure to timely file a response to this Order to Show Cause will be deemed by the court as consent to the lifting of the stay. This action will thereafter proceed on the basis of grounds one through three.